# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 14-837V**
**Filed: July 14, 2022**
PUBLISHED

| | |
|---|---|
| L.C., a minor by and through her guardian ad litem, DANIELA CRUMPTON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs; Vaccine Rule 18(b); Redaction; Denial |

*Danny Chia-Chi Soong, Law Office of Danny Soong, West Covina, CA, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER DENYING MOTION TO REDACT[1]

### I.      Procedural History

Petitioner filed this action on September 9, 2014. (ECF No. 1.)  After a successful alternative dispute resolution ("ADR") effort, the case was ultimately resolved via stipulation.  (ECF Nos. 75-76, 80.)  Subsequently, on November 20, 2020, petitioner moved for an award of attorneys' fees and costs. (ECF No. 77.)  I issued a decision awarding such fees and costs on April 22, 2022. (ECF No. 90.)  The instant motion seeks to redact that decision. (ECF No. 91.)

Pertinent to this motion to redact, I awarded attorneys' fees in a reduced amount due in part to my finding that petitioner's counsel had sought an unreasonably high hourly rate. (ECF No. 90, pp. 2-5.)  As part of the explanation underlying that finding, I

---

[1] Because this order contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the order will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

included footnotes elaborating on two specific points.  These footnotes are the subject of petitioner's motion.

Referencing counsel's performance during the case as a factor in setting his hourly rate, I explained in footnote 4 that:

> Mr. Soong touts the size of the settlement in this case, presumably as an implied metric of his performance. (ECF No. 77, p. 2.) However, it is important to note that it took an unusually long period of time to resolve the case, including referral to an extended year and a half long ADR process, with substantial involvement by the ADR Special Master, to ultimately resolve the case. The ADR Special Master took great pains explaining to petitioner what information was needed to substantiate the available damages in this case. (ECF Nos. 69-70.) This after petitioner's counsel had already spent a year and a half seeking to negotiate a settlement even before the case entered ADR. Because this case resolved within the ADR process, the undersigned is not privy to whether or how petitioner's counsel's own legal acumen contributed to the ultimate outcome; however, the record of this case is clear that counsel's performance in the case was inefficient and inexperienced, causing delayed resolution.

(ECF No. 90, n. 4.)

Additionally, noting that counsel had cited his involvement in a prior case in the Program as support for his requested hourly rate, I explained in footnote 5 that:

> It should be noted that petitioner's counsel's prosecution of his first Vaccine Act case would charitably be described as unsuccessful. After commencing settlement discussions, petitioner's counsel moved for voluntary dismissal on the assumption that petitioner could achieve a larger award in civil court by suing the vaccine manufacturer. Petitioner's counsel then commenced suit in Los Angeles Superior Court alleging manufacturing and design defects as well as failure to warn, apparently unaware that these claims were preempted by the Vaccine Act. Petitioner moved for relief from the judgment dismissing her case in this forum on the basis that her counsel's ignorance of the law was excusable neglect. Petitioner's motion was denied. *G.G.M. by and Through Mora v. Sec'y of Health & Human Servs.*, No. 13-421V, 2015 WL 1275389 (Fed. Cl. Spec. Mstr. Feb. 27, 2015). A motion for review and subsequent appeal to the Federal Circuit did not succeed in reopening judgment. 122 Fed Cl. 199, *aff'd* 673 Fed.Appx. 991. Although the petitioner was eventually able to succeed in reopening judgment and achieved an award of damages via settlement, she was by that time represented by a different attorney who was ultimately responsible for achieving the settlement. 2018 WL 6822408 (Fed. Cl. Spec. Mstr. Nov. 27, 2018). Counsel conspicuously did not offer the name of his first Vaccine Act case in his motion or discuss the course or outcome of the case, merely noting the injury and vaccine at issue, potentially raising a question of candor. But in any event, based on this history and the fact that a different attorney ultimately achieved the settlement in that case, it does not appear

that Mr. Soong's prior case contributed significantly to his understanding of the damages and settlement issues that informed much of the work done in this specific case. (Also of note: an unpublished decision was issued in that case awarding Mr. Soong interim fees and costs; however, the award was based on the total amount requested, which was unopposed, and Mr. Soong's hourly rates were not discussed.)

(ECF No. 90, n. 5.)

After issuance of the decision awarding attorneys' fees and costs, petitioner timely filed the instant motion to redact the decision. (ECF No. 91.)  Petitioner requests that both of the above-quoted footnotes be redacted in their entirety from the decision. (*Id.* at 1.)  I held a recorded status conference in the case on May 9, 2022, to discuss petitioner's motion to redact. (Minute Entry, 5/9/2022.)  Thereafter, respondent filed a response to petitioner's motion on May 17, 2022.  (ECF No. 92.)  Of note, respondent advised based on the specific arguments advanced by petitioner that either a motion for reconsideration or a motion for review would be more appropriate. (*Id.* at 5.)  However, the parties subsequently filed a Joint Notice Not to Seek Review of the decision awarding attorneys' fees and costs and judgment entered on May 31, 2022. (ECF Nos. 93-94.)  Petitioner did not file any reply.

## II.    Legal Standard

Vaccine Rule 18(b) allows for objection to disclosure as contemplated by Section 12(d)(4) of the Vaccine Act, which provides that

> A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information – (i) which is trade secret or commercial or financial information which is privileged and confidential, or (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

42 U.S.C. § 300aa-12(d)(4)(B).

The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act. Instead, there are two competing methods of interpretation endorsed by different decisions in the lower courts. *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure. 2011 WL 802695, at *6-8. The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm

outweighing the public interest in disclosure. This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* at *8. Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate. *Id.* at * 11.

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act. 100 Fed. Cl. 440. The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id.* at 461. Focusing specifically on the identity of the petitioner, the court observed that it is petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identify, that the public has an interest in seeing disclosed. *Id.*

*W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*,123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request."). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified. *Id.* at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case.")

### III.    Party Contentions

With respect to footnote 4, petitioner argues that the "Special Master fails to fully understand all of the dynamics involved in ultimately reaching the settlement of L.C.'s case." (ECF No. 91, p. 2.)  In this motion, petitioner listed several factors bearing on the mediation before asserting that "[t]hese logistics are private matters, which ought not to have been discussed in a public forum.  Nevertheless, these issues have to now be brought up due to the court's presumption that the delay of the resolution of the matter was somehow due to counsel's performance."[2] (*Id.*)  Petitioner also contended that the undersigned is "not privy to the back-and-forth negotiations between Petitioner's counsel and Respondent's counsel . . ." (*Id.*)

---

[2] Importantly, however, the logistics cited in petitioner's motion to redact were not discussed in the prior decision regarding attorneys' fees and costs.  Indeed, petitioner specifically argues that they were unknown to the undersigned. (ECF No. 91, p. 2.)  To avoid even the possibility of creating any new redaction interest, this decision likewise does not disclose these specifics.  For the reasons discussed below, the outcome of this motion does not turn on those details.

With respect to footnote 5, petitioner contends that "it is an invasion of privacy to reference the case of a different minor's case, *G.G.M. by and Through Mora v. Sec'y of Health & Human Servs*., No. 13-421V, 2015 WL 1275389 to justify the court's ruling on the reasonableness of legal fees in the subject case." (*Id*. at 3.)  Petitioner further argues that "[t]he reference to the G.G.M.'s case is unnecessary and, an invasion of G.G.M.'s right to privacy in addition to an invasion of her family's privacy." (*Id*.)  Finally, petitioner asserts that "the court's mere reference that L.C. is Petitioner's counsel['s] second vaccine case is sufficient alone to justify the lower range of the attorney rate being awarded without the need of referencing G.G.M. or another minor's case." (*Id*.)

In response, respondent "questions how the contents of footnotes 4 and 5 can be a 'clearly unwarranted invasion of privacy.'" (ECF No. 92, p. 5.)  With regard to footnote 4, respondent stressed that the factors raised in petitioner's motion to redact were not disclosed by the undersigned's decision and that "petitioner's counsel appears to be attempting to dispute the Special Master's finding that petitioner's counsel did not efficiently resolve the case.  The proper venue for that argument would be a motion to reconsider or a motion to review, not a motion to redact." (*Id*.)  With regard to footnote 5, respondent similarly explains that the footnote does not disclose any details regarding G.G.M. or her injury and is limited to discussion of prior, publicly available decisions. (*Id*. at 5-6.)  Respondent also contends that there is a public interest in disclosure regarding the undersigned's reasoning in awarding the hourly rates at issue in this case. (*Id*. at 6.)  Respondent further stresses that "information about counsel's performance would likely be of interest to potential Vaccine Act petitioners." (*Id*.)

## IV.   Discussion

The instant motion wholly fails to identify a privacy interest *for this petitioner*. Counsel's motivation for redaction is clear given that the two footnotes at issue contain criticism of counsel.  However, under the Vaccine Act and Vaccine Rule 18(b), it is the party rather than the attorney that holds the recognized privacy interest.  Moreover, the opportunity for redaction pertains to information *provided by* the party.  *See* 42 U.S.C. §300aa-12(d)(4)(B) (affording a right of objection to "the person who submitted such information"); Vaccine Rule 18(b) (explaining that redaction pertains to "any information furnished by that party").  Here, the information at issue was not provided by the petitioner, but rather derives from undersigned's own observations of the case docket and prior caselaw.  In fact, neither of the footnotes at issue contains any information regarding either L.C. or petitioner whatsoever, let alone medical or other sensitive information that might risk an unwarranted invasion of privacy. Nor does the motion to redact assert any trade secret or otherwise assert the presence of privileged or confidential information.

Additionally, respondent correctly observes that none of the information cited as sensitive within petitioner's motion to redact (relative to footnote 4) is actually contained within the decision that is to be publicly posted.  (ECF No. 92, p. 5.)  Moreover, with regard to footnote 5, petitioner cites a privacy interest for *a different petitioner from a different case*.  (ECF No. 91, p. 3.)  However, footnote 5 discusses publicly available decisions and in any event does not reveal that child's medical information.  (ECF No. 90, n. 5.)  Pursuant to Vaccine Rule 18(b) the *G.G.M.* petitioner was provided the same

opportunity to request redaction of sensitive information prior to public disclosure of the special master's decision in that case. 2015 WL 1275389, at n. 1.

Nonetheless, petitioner argues that the undersigned's analysis in footnote 4 should be removed because it misconstrues the circumstances of this case.  (ECF No. 91, p. 2.)  Petitioner further argues that the fact of this being counsel's second case in the program is sufficient support for the undersigned's setting of counsel's hourly rate, leaving much or all of footnote 5 unnecessary and therefore also removable.  (*Id*. at 3.)  However, the observations at issue were material to the undersigned's analysis and ultimate conclusion.  Accepting these specific arguments advanced by petitioner as the basis for excising analysis from the decision would necessarily constitute a rethinking on the undersigned's part of reasoning of the decision.  This is well beyond the purpose of a motion to redact.  While one could conceive of scenarios where a balancing of interests could allow some material findings to be redacted from the public, redaction should not in the ordinary course alter the basis for the decision.  Instead, as respondent points out, the Vaccine Rules allow motions for reconsideration and motions for review to consider the type of argument petitioner raises.  (ECF No. 92, p. 5; *see also* Vaccine Rule 10(e); Vaccine Rule 23.)  Especially given the current posture of the case, the misidentification of these arguments as relating to redaction rather than reconsideration is not a harmless defect. Petitioner affirmatively filed a Joint Notice Not to Seek Review on behalf of the parties in order to renounce review and expedite entry of judgment based on the decision as it stood. (ECF No. 93.)  Such action signals the parties' mutual understanding that the matters addressed by the decision are settled and the redaction process should not risk casting doubt on that understanding.  Respondent likewise had a potential interest in seeking review of the decision awarding attorneys' fees and costs, inclusive of the specific details of its reasoning.

In any event, even accepting *arguendo* that these arguments are properly presented and seek mere redaction rather than any change in the underlying analysis, they still fail to meaningfully counsel redaction.  Regardless of whether petitioner considers the complained of analysis to be either incorrect or extraneous, it was the actual rationale underlying the undersigned's conclusion.  The public interest in disclosure encompasses the reasoning as well as the conclusion of the special master. *Langland*, 2011 WL 802695, at *7-8 (quoting *United States v. Foster*, 564 F.3d, 852, 853 (7th Cir. 2009) for the proposition that "'[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure'" and further indicating that "[r]edaction of all medical information concerning petitioners who seek compensation under the Vaccine Program would render special masters' decisions meaningless.") In fact, contrary to what petitioner in effect urges, the public's interest in disclosure is, if anything, likely heightened when there is reason to suspect that the special master's conclusion may have been informed by faulty reasoning. *W.C.*, 100 Fed. Cl. at 460 (quoting *United States Dep't of State v. Ray,* 502 U.S. 164, 175 (1991) for the proposition that, under what the court considered the analogous FOIA context, the individual right to privacy must be weighed against "the basic policy of opening 'agency action to the light of public scrutiny.'")  That is, redaction should not be viewed as an opportunity for either special masters or the parties to conceal mistakes.

Finally, even setting all of the above aside, petitioner's arguments are unpersuasive in themselves.  With regard to footnote 4, petitioner challenges the substance of that footnote by presenting circumstances that may have additionally contributed to the delay in resolving this case.  (ECF No. 91, pp. 1-2.)  However, nothing cited in petitioner's motion to redact is incompatible with footnote 4, especially when viewing the footnote in the context of the decision as a whole. The footnote indicates that a review of the docket shows counsel's performance to have slowed resolution of the case. Nothing in the footnote implies that it was the sole factor explaining the duration of the case.[3]  Moreover, other aspects of the decision further explain how counsel's own billing records demonstrate his inexperience and inefficiency.  (*See* ECF No. 90, n. 6 (discussing time spent researching seminal caselaw experienced counsel would have known); n. 7 (discussing research into basic procedures such as "How to file a petition").) With regard to footnote 5, petitioner contends that the fact that this is counsel's second Vaccine Act case is alone sufficient to support the analysis setting counsel's rate.  (ECF No. 91, p. 3.)  However, this does not capture the issue addressed by the footnote.  In the motion for attorneys' fees and costs, petitioner's counsel affirmatively cited the fact of his first case (without naming the case) as support for *his requested rate*.  (*See* ECF No. 77, p. 3 (noting of counsel that "this is his second catastrophic vaccine injury case in Vaccine Court").)  The footnote explains why that reliance is unpersuasive and potentially misleading.

In sum, contrary to petitioner's arguments, footnotes 4 and 5 are reasonable descriptors of the undersigned's analysis and are necessary to a complete understanding of the reasoning that led to the outcome reached by the decision, reasoning which should not be altered upon a motion to redact.  Combined with petitioner's complete failure to articulate any reasonable interest in nondisclosure within the scope of the Vaccine Act and Vaccine Rules, this indicates that any balancing of interests as counseled by either *Langland* or *W.C.*, *supra*, strongly favors the public interest in disclosure even without reaching respondent's specific suggestion that future petitioners have an interest in being aware of counsel's past performance issues.

## V.    Conclusion

For all of the reasons discussed above, petitioner's motion to redact is **DENIED**. Publication of the decision at issue will be held until the time for the filing of any motion for review has passed.

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Additionally, as explained above, incorporated into the undersigned's analysis is the caveat that "[b]ecause this case resolved within the ADR process, the undersigned is not privy to whether or how petitioner's counsel's own legal acumen contributed to the ultimate outcome . . ." (ECF No. 90, n. 4.)